# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDY SOWERS<br>c/o South Mountain Creamery<br>8305 Bolivar Road<br>Middletown, MD 21769<br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530,<br><br>and<br><br>INTERNAL REVENUE SERVICE<br>1111 Constitution Avenue NW<br>Washington, DC 20224,<br><br>　　　　　　　　Defendants. | Civil Action No. |

## COMPLAINT

1.　　This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging the failure of the U.S. Department of Justice ("DOJ" or "the Department") to render a timely decision on the request of Randy Sowers for records related to a petition for remission or mitigation that Mr. Sowers submitted to the government on July 16, 2015, and challenging the failure of the Department and the Internal Revenue Service ("IRS") to produce unredacted copies of all documents responsive to Mr. Sowers's requests for records related to that petition for remission or mitigation.

## JURISDICTION AND VENUE

2.　　The court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) & § 552(a)(6)(E)(iii) and 28 U.S.C. § 1331.

14210928.2

3.      Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4.      Randy Sowers resides in Middletown, Maryland.  Mr. Sowers filed FOIA requests with the Internal Revenue Service and the Department of Justice on or about July 7, 2016 and July 8, 2016, respectively.

5.      Defendants Department of Justice and Internal Revenue Service are agencies within the meaning of 5 U.S.C. § 552(f)(1) and have possession, custody, and/or control of records to which Mr. Sowers seeks access.

## BACKGROUND

6.      Randy Sowers owns and operates a dairy farm, South Mountain Creamery, located in Middletown, Maryland.  He has operated the farm since 1981 and lives in a house overlooking it.

7.      Mr. Sowers sells his milk at farmer's markets, where customers often pay him in cash.  Mr. Sowers and his wife, Karen Sowers, would deposit that cash into bank accounts.  Sometimes, the Sowerses would make cash deposits in amounts less than $10,000.

8.      In 2012, the IRS accused Mr. Sowers of illegally "structuring" his cash deposits and used the civil forfeiture process to seize the funds in the farm's bank account.  These "structuring" laws are meant to target hardened criminals evading bank reporting laws, but Mr. Sowers was not a criminal seeking to evade bank reporting laws.  Indeed, the Sowerses only made deposits in amounts less than $10,000 because a bank teller said that "it would be easier for everyone to keep deposits down and avoid the reporting requirement."[1]

---

[1] *See* Rachel Weiner, *Maryland Dairy Farmer Fought the Justice Department – and (Finally) Won*, WASH. POST (July 1, 2016), https://www.washingtonpost.com/local/public-safety/maryland-dairy-farmer-fought-the-justice-department--and-finally-

2

9. In 2014, the IRS announced that it would limit the application of the structuring laws to criminals, and in July 2015, Mr. Sowers petitioned the government to get his money back by filing a petition for remission or mitigation. A petition for remission or mitigation is essentially the civil forfeiture equivalent of a pardon petition, as it allows the government to return forfeited property as a matter of grace. In June 2016, the Department of Justice granted the petition and returned the money that the government had taken from Mr. Sowers.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

**A.    Department of Justice FOIA Request**

10. On or about July 8, 2016, Mr. Sowers filed a FOIA request via email with the Department of Justice's Criminal Division (the "DOJ FOIA Request"), seeking records pertaining to the petition for remission or mitigation that he submitted on July 16, 2015. *See* Ex. 1.

11. The DOJ FOIA Request reasonably described the records sought and was made in accordance with published rules and procedures, as required by 5 U.S.C. § 552(a)(3)(A). Specifically, Mr. Sowers requested:

- "All memoranda, emails, or other written correspondence generated by the Criminal Division (including the Asset Forfeiture and Money Laundering Section) pertaining to my petition for remission or mitigation.

- All memoranda, emails, or other written correspondence received by the Criminal Division (including the Asset Forfeiture and Money Laundering Section) pertaining to my petition for remission or mitigation.

---

won/2016/07/01/12dad438-3e3a-11e6-a66f-aa6c1883b6b1_story.html?noredirect=on&utm_term=.eea813ab51d6.

- Copies of the written recommendations made by the Asset Forfeiture and Money Laundering Section by the Internal Revenue Service and the Office of the United States Attorney for the District of Maryland regarding the appropriate disposition of my petition for remission or mitigation."

12. In the DOJ FOIA Request, Mr. Sowers provided the Criminal Division with detailed guidance, noting that he believed the relevant records were at that time being held in the office of Deborah Connor, Principal Deputy Chief, Asset Forfeiture and Money Laundering Section. *See id.*

13. In addition, Mr. Sowers requested a public interest fee waiver in his DOJ FOIA Request. *See id.* He explained that his petition for remission or mitigation had been the subject of significant media attention as well as congressional oversight, and that disclosure of the requested information would contribute significantly to the public understanding of the government's consideration of that petition. *See id.*

14. Defendant DOJ acknowledged receipt of Mr. Sowers' FOIA request by email dated July 14, 2016 and assigned a case number to the request: CRM-30530207. Ex. 2. The acknowledgment indicated that no decision had been made regarding Mr. Sowers' request for a public interest fee waiver, and also noted that because the request presented "unusual circumstances" (citing 5 U.S.C. §§ 552(a)(6)(B)(i)-(iii)), the Department would be "extending the time limit to respond" to Mr. Sowers "beyond the ten additional days provided by the statute." *See id.*

15. In the acknowledgement, the Department apologized for the delay, but assured Mr. Sowers' that his request would "be processed as soon as possible." *See id.* However, at no point did the Department "[set] forth the unusual circumstances" that warranted an extension of

the time limits, nor did it indicate "the date on which a determination is expected to be dispatched." *See* 5 U.S.C. § 552(a)(6)(B)(i); 28 C.F.R. § 16.5(c).

16. On September 13, 2016, the Criminal Division's FOIA/PA Unit ("the Unit") contacted Mr. Sowers's counsel via email to confirm he was "still interested" in pursuing his FOIA request. Ex. 3. Mr. Sowers's counsel confirmed via email that same day, September 13, 2016, that he was still interested in pursuing the DOJ FOIA Request. *Id.*

17. On October 18, 2016, Mr. Sowers's counsel requested a status update via email from the Unit regarding the DOJ FOIA Request. Ex. 4. The Unit responded to this email on November 2, 2016, advising Mr. Sowers that the "request [was] being processed on the complex track," and that it was taking the Unit 203 days on average to process a complex request. *Id.* The Unit purported to confirm in its November 2 email that "a search has been completed and potentially responsive records have been received and are under review." *Id.*

18. On three additional occasions, Mr. Sowers requested a status update via email from the Unit. These requests were made on January 23, 2017, April 20, 2017, and November 21, 2017, respectively. Ex. 4. The Unit finally responded to Mr. Sowers' requests for a status update on December 5, 2017. The December 5 email reiterated that Mr. Sowers' FOIA request was being processed "on the complex track." Ex. 5. The Unit again explained that "potentially responsive records have been received and are under review," but it refused to provide a specific estimate for the date of completion. *See id.* The Unit estimated that the DOJ FOIA Request would be completed "within a year," but added that this was only a preliminary estimate "that will likely be modified as we process your request" and as "the volume and complexity" of the requested records were evaluated. *Id.* The Unit indicated that Mr. Sowers should refrain from requesting another status update for another sixty days. *See id.*

19.     To date, Defendant DOJ has not otherwise responded to Mr. Sowers' FOIA request and has failed to produce any responsive records, even though over **two (2) years** have passed since Mr. Sowers filed his request. Furthermore, in its July 14 acknowledgment, the Department indicated that "unusual circumstances" permitted a delay in responding to the DOJ FOIA Request, but at no point has it "[set] forth the unusual circumstances" that warranted an extension of the time limits or indicated "the date on which a determination is expected to be dispatched." *See* 5 U.S.C. § 552(a)(6)(B)(i); 28 C.F.R. § 16.5(c).

20.     Due to the Department's failure to comply with the time limits of an initial FOIA request, Mr. Sowers' has constructively exhausted his administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C)(i).

**B.     Internal Revenue Service FOIA Request**

21.     On or about July 7, 2016, Mr. Sowers filed a FOIA request via mail with the Internal Revenue Service (the "IRS FOIA Request," and together with the DOJ FOIA Request, the "FOIA Requests"), seeking records pertaining to the petition for remission or mitigation that he submitted on July 16, 2015. *See* Ex. 6.

22.     The IRS FOIA Request reasonably described the records sought and was made in accordance with published rules and procedures, as required by 5 U.S.C. § 552(a)(3)(A). Specifically, Mr. Sowers requested:

- "All memoranda, emails, or other written correspondence generated by the IRS pertaining to my petition for remission or mitigation.
- All memoranda, emails, or other written correspondence received by the IRS pertaining to my petition for remission or mitigation.

- A copy of any written recommendation made by the IRS to the Department of Justice concerning the appropriate resolution of my petition for remission or mitigation." Ex. 6.

23. In the IRS FOIA Request, Mr. Sowers provided the IRS with detailed guidance, noting that he believed the relevant records were at that time being held in the office of Richard Weber, Chief, IRS-CI. *See id.*

24. In addition, Mr. Sowers requested a public interest fee waiver in his IRS FOIA Request. *See id.* He explained that his petition for remission or mitigation had been the subject of significant media attention as well as congressional oversight, and that disclosure of the requested information would contribute significantly to the public understanding of the government's consideration of that petition. *See id.*

25. Mr. Sowers was entitled to a response from defendant IRS by August 19, 2016, at the latest (if the agency invoked "unusual circumstances" and sought an extension pursuant to 5 U.S.C. § 552(a)(6)(C)(i)). Ex. 7. However, the IRS issued a series of correspondence that purported to "extend" the deadline for a response again and again—first until November 2016, then until February 2017, then until April 2017, then until June 2017, then until September 2017. The IRS then indicated to Mr. Sowers that it hoped to have a response in November 2017. When that date passed without a substantive response, the IRS indicated that it would have a response in December 2017. It then said that it hoped to respond in January 2018. Throughout this time, Mr. Sowers and his counsel consistently cooperated with the IRS's questions concerning Mr. Sowers' FOIA request.

26. Finally, on March 5, 2018, the IRS issued a partial denial of Mr. Sowers' request. The IRS indicated that it located 389 pages in response to Mr. Sowers' request and was producing 341 pages, withholding 81 pages in part and 48 pages in full. To support its decision,

the IRS purported to invoke FOIA exemptions (b)(3), (b)(5), (b)(6), (b)(7)(A), (b)(7)(C), and (b)(7)(E).  *See* Ex. 8.

27. A substantial number of the unredacted pages sent to Mr. Sowers are documents that are publicly available or were already in his possession—for instance, the copy of Mr. Sowers's petition for remission or mitigation and the attached exhibits makes up approximately 210 out of the 260 unredacted pages.

28. On June 1, 2018, Mr. Sowers filed an administrative appeal with the IRS (the "Appeal"), appealing the agency's decision to withhold certain documents, in part and in full, that are responsive to his FOIA request.  Ex. 9.  The Appeal argues, *inter alia*, that the IRS has adopted an overbroad interpretation of the FOIA Exemptions that the agency relied upon to justify its redactions.  *See id.*

29. For example, the Appeal explained to the IRS that it had failed to properly invoke Exemption (b)(5), as it only provided a boiler-plate description of the bases for its redactions.

30. By way of further example, the Appeal explained to the IRS that it did not properly apply Exemption (b)(6), as it blindly redacted almost every name of a person appearing in the documents, rather than engaging in the careful balancing required by Exemption (b)(6).

31. The Appeal also explained to the IRS that it failed to properly invoke Exemption (b)(7)(A), as that exemption is a temporary protection that only applies to *pending* proceedings, not closed proceedings such as Mr. Sowers's petition.

32. The Appeal additionally explained to the IRS that it failed to properly invoke Exemption (b)(7)(E), as that exemption only protects against the disclosure of techniques and procedures not already well-known to the public, and not well-known investigatory procedures.

33. Despite receiving the detailed Appeal, the IRS nonetheless denied the Appeal in full on June 25, 2016.  Ex. 10.  In so doing, the IRS failed to correct its decision to withhold responsive records that are not subject to withholding under FOIA.

34. The IRS's June 25, 2016 response consists of boiler-plate descriptions of the various FOIA exemptions that the IRS has purported to invoke and does not adequately justify application of those exemptions.

35. Upon information and belief, the IRS did not conduct a de novo review of the IRS FOIA Request in response to the Appeal, as required by FOIA.  Rather, the IRS issued a boiler-plate response calculated to justify all of the IRS's initial determinations.

36. Mr. Sowers has exhausted his administrative remedies under FOIA with respect to the IRS Request.

37. Mr. Sowers seeks to enjoin the IRS from withholding agency records and to order the production of any agency records improperly withheld from Mr. Sowers.  5 U.S.C. § 552(a)(4)(B).

## CAUSES OF ACTION

### Count I
### (against Defendant DOJ)

**Failure to Comply with Statutory Deadlines Governing an Initial FOIA Request**

38. Mr. Sowers re-alleges and incorporates by reference the allegations contained in the foregoing paragraphs of this complaint.

39. The DOJ is an agency within the meaning of FOIA.  5 U.S.C. § 552(f); 5 U.S.C. § 551.

40. Mr. Sowers has a statutory right to have the Department of Justice process the DOJ FOIA Request in a manner which complies with FOIA.  Mr. Sowers' rights in this regard

were violated when the Department unlawfully delayed informing him of a final determination on his request beyond the standard twenty-day deadline.  *See* 5 U.S.C. § 552(a)(6)(A)(i).

41. The Department appears to have attempted to trigger an "unusual circumstances" extension with its acknowledgment letter of July 14, 2016.  However, the Department did not comply with FOIA's requirements for such an extension.  More specifically, neither the acknowledgement letter nor any future communication from the Department "[set] forth the unusual circumstances" that warranted an extension of the time limits or indicated "the date on which a determination is expected to be dispatched."  *See* 5 U.S.C. § 552(a)(6)(B)(i); 28 C.F.R. § 16.5(c).

42. To date, Mr. Sowers has not received a timely or legally adequate determination resolving his request under FOIA.  Indeed, over **two (2) years** have passed since Mr. Sowers filed the DOJ FOIA Request with the Department.

43. The Department's failure to make a final determination on Mr. Sowers' request within the statutory timeframe has prejudiced his ability to timely obtain public records.

44. The Department's failure to issue a timely and legally adequate determination on the DOJ FOIA Request within the statutory timeframe has constructively exhausted Mr. Sowers' administrative remedies.  *See* 5 U.S.C. § 552(a)(6)(C)(i).

**Count II**
**(against All Defendants)**

**Violation of FOIA for Failure to Grant Fee Waiver**

45. Mr. Sowers re-alleges and incorporates by reference the allegations contained in the foregoing paragraphs of this complaint.

46. Mr. Sowers's FOIA request to the DOJ set forth facts supporting a determination that he was entitled to a fee waiver.

47. The DOJ failed to make a determination with respect to Mr. Sowers's fee waiver status in violation of FOIA. 5 U.S.C. § 552(a)(4).

48. Mr. Sowers's FOIA request to the IRS set forth facts supporting a determination that he was entitled to a fee waiver.

49. The IRS did not charge Mr. Sowers any fees and therefore at least impliedly granted Mr. Sowers's fee waiver request. To the extent that the IRS is not deemed to have granted Mr. Sowers's fee request, it too failed to make a determination with respect to Mr. Sowers's fee waiver status in violation of FOIA. 5 U.S.C. § 552(a)(4).

50. Mr. Sowers has constructively exhausted the administrative remedies with respond to his fee waiver determination. 5 U.S.C. § 552(a)(6)(C)(i).

**Count III**
**(against All Defendants)**

**Violation of FOIA for Improper Withholding of Agency Records**

51. Mr. Sowers re-alleges and incorporates by reference the allegations contained in the foregoing paragraphs of this complaint.

52. The DOJ and the IRS are agencies within the meaning of FOIA. 5 U.S.C. § 552(f); 5 U.S.C. § 551.

53. The FOIA Requests properly seek records within the possession, custody, and/or control of Defendants under FOIA.

54. The FOIA Requests properly complied with all applicable regulations regarding the submission of FOIA requests to Defendants.

55. Defendant DOJ has cited no exemptions whatsoever that would justify withholding any records or portions thereof that are responsive to the DOJ FOIA Request.

56. Defendant IRS has cited exemptions that do not justify withholding records or portions thereof that are responsive to the IRS FOIA Request.

57. Mr. Sowers has or is deemed to have exhausted applicable administrative remedies.  5 U.S.C. § 552(a)(6)(C)(i).

58. Defendants have improperly withheld agency records responsive to the FOIA Requests in violation of FOIA.  5 U.S.C. § 552(a)(3)(A)

**Count IV**
**(against All Defendants)**

**Violation of FOIA for Failure to Conduct a Reasonable Search**

59. Mr. Sowers re-alleges and incorporates by reference the allegations contained in the foregoing paragraphs of this complaint.

60. The DOJ and the IRS are agencies within the meaning of FOIA.  5 U.S.C. § 552(f); 5 U.S.C. § 551.

61. Mr. Sowers's FOIA Requests properly seek records within the possession, custody, and/or control of the Defendants under FOIA.

62. Mr. Sowers has or is deemed to have exhausted applicable administrative remedies.  5 U.S.C. § 552(a)(6)(C)(i).

63. Upon information and belief, the IRS has failed to conduct a search reasonably calculated to identify all records responsive to the IRS FOIA Request.

64. Upon information and belief, the DOJ has failed to conduct a search reasonably calculated to identify all records responsive to the DOJ FOIA Request.

65. Defendants' failure to conduct a search reasonably calculated to identify all responsive records amounts to a violation of their obligations under FOIA. 5 U.S.C. § 552(a)(3).

## **PRAYER FOR RELIEF**

WHEREFORE, Randy Sowers prays for judgment against Defendants as follows:

 a. Order Defendants to conduct a search reasonably calculated to identify all records responsive to Mr. Sowers's request;

 b. Order Defendant Department of Justice to process the DOJ FOIA Request and make a final determination and produce, within twenty (20) business days of the Order, all records responsive to each request;

 c. Order Defendant Internal Revenue Service to produce unredacted copies of documents responsive to the IRS FOIA Request that fall outside the statutory exemptions;

 d. Enjoin Defendants from withholding all responsive records or portions thereof that are not specifically exempt from disclosure under FOIA;

 e. Issue a declaration that Mr. Sowers is entitled to disclosure of the requested records;

 f. Issue a declaration that Mr. Sowers is entitled to a fee waiver;

 g. Order Defendants to produce a *Vaughn* Index to the extent that either claims a FOIA exception or privilege applies to any document or part thereof;

 h. Award Mr. Sowers the costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

 i. Such other relief as this Court may deem just and proper.

       Respectfully submitted,

August 21, 2018

       By: /s/Matthew W. Beato
       Matthew W. Beato (D.C. Bar. No. 1013988)
       WILEY REIN LLP
       1776 K St NW
       Washington, DC 20006

Telephone:  202.719.7000
Facsimile:  202.719.7049
mbeato@wileyrein.com

*Counsel for Plaintiff Randy Sowers*